## No. 225

### KINNEAR-RUSSEL P. & H. CO. v. ROGERS, Rec., et

### No. 19591. Supreme Court

On motion to certify. Dock. Jan 22, 1926.

**719. LIENS**—Is a mechanic's lien vitiated and invalid when the affidavit describes more land that was comprehended by the contract?

The Kinnear and Russell Plumbing and Heating Co. brought this action against George W. Rogers, Receiver of The Portage Construction

and Finance Co.; The Zindle Plumbing & Heating Co., and many others, in an attempt to validate a certain property owned by the Portage Construction and Finance Co.

It appears that a single affidavit was filed for mechanic's lien on three adjoining parcels of land conveyed to the owner by a single warranty deed, The Kinnear and Russell Co. having in fact three separate contracts for the installation of certain plumbing and heating apparatus in three distinct buildings thereon.

The Summit Common Pleas held that no lien right was secured as to any of said buildings and this judgment was affirmed by the Court of Appeals.

The question is also raised as to the effect of the ultra vires acts of the Cleveland Discount Co. in discounting notes secured by mortgages and of an Ohio corporation whose authorized capital stock is $50,000, borrowing $900,000.

The Plumbing and Heating Co., in the Supreme Court, contends that the entire development was operated as an entire plan fairly within the provisions of 8316 of the G. C., and that it has taken all necessary steps to be entitled to a valid lien as to at least one of the buildings, at its election.

Attorneys—Wilkin, Cross & Daoust, Cleveland, for Heating Co.; G. H. Doolittle, Fairoll & Fairoll, and Burch, Bacon & Denlinger, Akron, for defendants.